**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROMUALDO CABAY BERMUDEZ,
                    *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 08-72133

Agency No.
A34-027-920

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2009*
Honolulu, Hawaii

Filed November 10, 2009

Before: Robert R. Beezer, Susan P. Graber, and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

**COUNSEL**

James A. Stanton, Honolulu, Hawaii, for the petitioner.

Lindsay E. Williams, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

PER CURIAM:

Petitioner Romualdo Cabay Bermudez petitions for review from a final order of the Board of Immigration Appeals ("BIA") denying his request to terminate proceedings and his request for cancellation of removal. Petitioner argues that his conviction for possessing "a pipe and/or packets" that are used for and with the drug methamphetamine is not a violation of a law "relating to a controlled substance," so that he is eligible for cancellation of removal. We are not persuaded. We hold that Petitioner's conviction is indeed one "relating to a controlled substance" and, as a result, we lack jurisdiction over the petition for review.

Petitioner is a native and citizen of the Philippines. He was admitted to the United States in 1973. On June 9, 2006, Petitioner was convicted of the offense of Prohibited Acts Related to Drug Paraphernalia, in violation of section 329-43.5(a) of the Hawaii Revised Statutes. That section provides:

Prohibited acts related to drug paraphernalia

(a) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter.

Haw. Rev. Stat. § 329-43.5(a) (2009). Following that conviction, the government charged Petitioner with being removable under 8 U.S.C. § 1227(a)(2)(B)(i). That section reads in relevant part:

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . is deportable.

8 U.S.C. § 1227(a)(2)(B)(i).

We determine our own jurisdiction de novo. *Luu-Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000). Whether a particular conviction is a deportable offense is a question of law, which we likewise review de novo. *Id.* (citing *Coronado-Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir. 1997)).

**[1]** In *Luu-Le*, we held that an Arizona statute that criminalized possession of drug paraphernalia was a law "relating to a controlled substance." *Id.* The Arizona statute read:

> It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a drug in violation of this chapter.

Ariz. Rev. Stat. § 13-3415(A) (2008). Holding that the Arizona statute is "clearly a law 'relating to' a controlled substance" because it "is plainly intended to criminalize behavior involving the production or use of drugs," we dismissed the petition for review for lack of jurisdiction. *Luu-Le*, 224 F.3d at 916.

**[2]** Here, Petitioner was convicted for possessing drug paraphernalia in violation of section 329-43.5(a) of the Hawaii Revised Statutes. The text of that statute is materially identical to the Arizona statute at issue in *Luu-Le*. *Compare* Haw. Rev. Stat. § 329-43.5(a) *with* Ariz. Rev. Stat. § 13-3415(A). Thus, we hold that Petitioner was convicted for a violation of a law "relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i)(II). Because Petitioner is removable by reason of having committed a controlled substance offense, we lack jurisdiction over the petition for review, pursuant to 8 U.S.C. § 1252(a)(2)(C).

We further lack jurisdiction over the petition for review, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), because Petitioner challenges a discretionary decision—the denial of his application for cancellation of removal in the exercise of discretion. We lack jurisdiction to review a decision by the BIA denying an alien's application for cancellation of removal in the exercise of discretion. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

Petitioner has not set forth a colorable constitutional claim over which we otherwise could exercise jurisdiction. *See id.* (holding that "any challenge of an [immigration judge's] discretionary determination must present a colorable claim" in order for this court to exercise jurisdiction (citing *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005))).

PETITION DISMISSED.