FILED

FEB 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMAR PAL SINGH BAKSHI;
SURNEET KAUR,

              Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 07-74158

Agency Nos. A072-398-092
A072-398-093

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

    Amar Pal Singh Bakshi and Surneet Kaur, natives and citizens of India,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's ("IJ") decision denying Bakshi's application

for asylum, withholding of removal, and relief under the Convention Against

---

       [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on the inconsistencies between Bakshi's testimony and his asylum application regarding the identity of the alleged persecutors, and the inconsistencies between Bakshi and Kaur's testimony regarding what occurred when the alleged persecutors came to their home. *See id.* at 1043; *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010). In the absence of credible testimony, Bakshi's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Bakshi's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id.* at 1156-57.

We lack jurisdiction to review the agency's discretionary denial of petitioners' cancellation of removal application. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (per curiam).

07-74158

Petitioners' contention that the agency violated due process by failing to adequately consider their evidence of hardship does not amount to a colorable constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**