**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO VALDEZ-BLAINE, | No. 10-70054 |
| Petitioner, | |
| | Agency No. A093-198-684 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Julio Valdez-Blaine, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order sustaining the government's

appeal from an immigration judge's decision granting his application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo constitutional claims, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and for substantial evidence the agency's factual findings, *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's order of removal against Valdez-Blaine under 8 U.S.C. § 1182(a)(2)(C)(i) because substantial evidence supports the agency's determination that it had reason to believe that Valdez-Blaine knew he was participating in illicit drug trafficking, and Valdez-Blaine does not raise any constitutional or question of law challenge to the order of removability. *See* 8 U.S.C. § 1252(a)(2)(C) & (D); *Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1209 (9th Cir. 2004).

We also lack jurisdiction to review the BIA's denial of Valdez-Blaine's application for cancellation of removal as a matter of discretion. *See Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (per curiam). To the extent that Valdez-Blaine contends that the BIA misapplied the standards set forth in 8 C.F.R. § 1003.1(d)(3), this contention is not supported by the record.

Valdez-Blaine's contention that 8 C.F.R. § 1003.1(d)(3)(ii) violates due process is not persuasive.

**PETITION FOR REVIEW DISMISSED, in part; DENIED, in part.**

10-70054