**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1299

ROLANDO ISIDRO VASQUEZ,

                Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 1, 2012                Decided:  June 19, 2012

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Rolando Isidro Vasquez, Petitioner Pro Se.  Channah Marti Farber, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolando Isidro Vasquez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his application for cancellation of removal.[*] Because we lack jurisdiction, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2006), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. In this case, the immigration judge found, and the Board explicitly agreed, that Vasquez failed to meet his burden of establishing that his United States citizen children would suffer exceptional and extremely unusual hardship if he is returned to Guatemala. We conclude that this determination is clearly discretionary in nature, and we therefore lack jurisdiction to review challenges

---

[*] We note that Vasquez was removed without notice to this court on April 19, 2012, while his motion for stay was pending. When the motion was filed on April 9, 2012, counsel for the Office of Immigration Litigation informed this court that no steps had been taken for Vasquez's removal. Although the motion for stay was subsequently denied on May 2, 2012, we are deeply disappointed that Vasquez was removed prior to the motion being ruled upon.

2

to this finding.   See, e.g., Barco-Sandoval v. Gonzales, 516 F.3d 35, 36 (2d Cir. 2008); Memije v. Gonzales, 481 F.3d 1163, 1164 (9th Cir. 2007); see also Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal."). Indeed, we have concluded that the issue of hardship is committed to agency discretion and thus is not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001). We also lack jurisdiction to review the denial of cancellation of removal as a matter of discretion. See Bermudez v. Holder, 586 F.3d 1167, 1169 (9th Cir. 2009).

We note that Vasquez does not raise a colorable question of law or a constitutional claim that falls within the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals").

While Vasquez argues that his prior convictions should not have made him statutorily ineligible for cancellation of removal, we note that the Board affirmed the denial of relief on other grounds.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED