**NOT FOR PUBLICATION**

JUL 25 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. JESUS MELGOZA-SANCHEZ, a.k.a. Jesus Melgoza,<br><br>            Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 10-72160<br><br>Agency No. A035-896-189<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

J. Jesus Melgoza-Sanchez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's removal order. We dismiss the petition for review.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the order of removal against Melgoza-Sanchez because his December 23, 2005, conviction under California Health and Safety Code § 11377(a) renders him removable under 8 U.S.C. § 1227(a)(2)(B)(i). *See* 8 U.S.C. § 1252(a)(2)(C); *Pagayon v. Holder*, 675 F.3d 1182, 1189-90 (9th Cir. 2011) (petitioner's "pleading stage" admission that his conviction involved methamphetamine is sufficient to establish his removability).

We lack jurisdiction to consider Melgoza-Sanchez's challenge to the denial of his application for cancellation of removal in the exercise of discretion. *See Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (per curiam). Melgoza-Sanchez's contention that the agency abused its discretion in weighing his equities is not a colorable constitutional claim or question of law sufficient to restore the court's jurisdiction. *See Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) (per curiam) (contention that agency "fail[ed] to properly weigh the equities" is merely "an abuse of discretion challenge re-characterized as an alleged due process violation"). His contention that the government failed to prove he was ineligible for cancellation of removal is not colorable because he had the burden of proof to establish his eligibility for relief. *See* 8 U.S.C. § 1229a(c)(4)(A).

We lack jurisdiction to consider Melgoza-Sanchez's remaining contentions because he did not exhaust them before the agency. *See Barron v. Ashcroft*, 358

2

F.3d 674, 678 (9th Cir. 2004).

Melgoza-Sanchez's motion for appointment of pro bono counsel is denied.

**PETITION FOR REVIEW DISMISSED.**

10-72160