**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL MORALES, | No. 11-72440 |
| Petitioner, | Agency No. A071-519-777 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2013[**]
Pasadena, California

Before: THOMAS and HURWITZ, Circuit Judges, and BEISTLINE, Chief
District Judge.[***]

Raul Morales petitions for review of two Board of Immigration Appeals

decisions denying his claims for asylum, withholding of removal, cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ralph R. Beistline, Chief District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

removal, and protection under the Convention Against Torture, and not reaching his challenge to the withdrawal of his Temporary Protected Status.

## I

We lack jurisdiction to review the Board's discretionary denial of Morales's application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(I); *Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (per curiam).

## II

The Board did not err in finding Morales ineligible for asylum and withholding because he failed to establish a nexus to a protected ground. Substantial evidence supports the Board's conclusion that Morales faced danger not because of his membership in his claimed "particular social group" of his family, but because of his highly publicized and substantial legal settlement. Persecution based on perceived wealth alone is not directed at a cognizable social group. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148 (9th Cir. 2010) (per curiam) (returning Mexicans from the United States were not a cognizable social group).

## III

Substantial evidence supports the Board's decision denying Morales relief under the Convention Against Torture. Although the 2009 State Department Report describes harsh conditions in El Salvador's prisons, and mentions extortion

and corruption, Morales has not demonstrated that he will more likely than not be tortured if he is imprisoned upon his return to El Salvador.

IV

The Board did not address Morales's claim regarding Temporary Protected Status (TPS). "The BIA is not free to ignore arguments raised by a petitioner." *Hu v. Holder*, 652 F.3d 1011, 1020 (9th Cir. 2011) (internal quotation marks, citation, and alterations omitted). Morales adequately exhausted this claim in his second brief to the Board by restating his interest in TPS and referring to his first brief, in which he had fully briefed the TPS issue. This briefing was "sufficient to put the BIA on notice" that Morales challenged the denial of TPS. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004). Therefore, we grant the petition and remand for the Board to consider Morales's TPS claim in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

Each party shall bear their own costs.

**PETITION DISMISSED in part; DENIED in part; GRANTED and REMANDED in part.**

3