**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMA AVILA,<br><br>          Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 08-72797<br><br>Agency No. A075-569-867<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2013[**]
Pasadena, California

Before: PAEZ and IKUTA, Circuit Judges, and EZRA, District Judge.[***]

Norma Avila, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

("IJ") finding that Avila is removable under 8 U.S.C. § 1227(a)(1)(E)(i) and denial of Avila's application for cancellation of removal relief under 8 U.S.C. § 1229b(a). We deny the petition in part and dismiss the petition in part.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) over Avila's petition with respect to the BIA's finding of removability. Substantial evidence supports the IJ's and BIA's determination that Avila is removable under 8 U.S.C. § 1227(a)(1)(E)(i) for "encourag[ing], induc[ing], assist[ing], abett[ing], or aid[ing] any other alien to enter or to try to enter the United States in violation of law." Substantial evidence supports the IJ's conclusion that Avila arranged with a smuggler in Mexico to help transport aliens further north after they illegally entered the United States in exchange for payment and, pursuant to that agreement, picked up several aliens in her car in Calexico. The fact that she did not directly assist the aliens as they crossed the border does not bar a finding of removability under 8 U.S.C. § 1227(a)(1)(E)(i). *See Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 678-79 (9th Cir. 2005).

Avila also argues that the agents violated her rights under 8 C.F.R. § 287.3(c) when they failed to advise her of her administrative rights before questioning her. At the time the agents questioned her, Avila had not been placed in "formal proceedings" because the government had not yet issued a Notice to

Appear. Therefore, at the time of her questioning, the protections of 8 C.F.R. § 287.3(c) did not apply and Avila cannot establish any violation. *Samoyoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009).

We do not have jurisdiction over Avila's petition with respect to her claim that the IJ abused his discretion in denying her cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *see also Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009). Therefore, we dismiss the petition for review to the extent it seeks review of the discretionary denial of Avila's application for cancellation of removal.

**Petition DENIED in part and DISMISSED in part.**