**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS GARCIA-RENTERIA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70454 <br><br> Agency No. A092-661-562 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Jose Luis Garcia-Renteria, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application  for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo constitutional claims. *Khan v. Holder,* 584 F.3d 773, 776 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

Because the BIA denied Garcia-Renteria's application for cancellation of removal as a matter of discretion, our jurisdiction is limited to colorable legal or constitutional challenges to review the BIA's denial. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (per curiam).

To the extent Garcia-Renteria contends that the BIA violated due process by upholding the IJ's adverse credibility determination based on his demeanor, without the IJ giving him an opportunity to explain his awkwardness and giggling during his testimony, Garcia-Renteria's contention is unpersuasive. As the BIA noted, the IJ relied on factors other than his demeanor in making the adverse credibility determination.

Garcia-Renteria's contention that the IJ erred in admitting evidence regarding Garcia-Renteria's history of arrests is unavailing. *See Paredes-Urrestarazu v. INS,* 36 F.3d 801, 810 (9th Cir. 1994) (considering petitioner's arrest in the context of his request for discretionary relief).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**