**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JESUS JASSO NAVARRO, | No. 12-71291 |
| Petitioner, | Agency No. A077-970-851 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014<sup>**</sup>

Before:      PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Jesus Jasso Navarro, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's denial of cancellation of removal as a matter of discretion.

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

12-71291

Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

In his opening brief, Navarro fails to address, and therefore has waived any challenge to, the BIA's removability determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (holding issues that are not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to review the IJ's denial of cancellation of removal in the exercise of discretion. *See Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (per curiam). Moreover, Jasso Navarro's contention that he feels the United States is the best place for him is not a sufficiently colorable constitutional claim or question of law to trigger our jurisdiction. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context, the violation need not be substantial, but the claim must have some possible validity." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**