**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGAR RAUL MARTINEZ-
BARRIENTOS, a.k.a. Edgar Raul
Martinez,

              Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 12-73570

Agency No. A040-197-600

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

    Edgar Raul Martinez-Barrientos, a native and citizen of Guatemala, petitions

for review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's decision denying his applications for

------

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal and waivers of inadmissibility under section 212(h) and former section 212(c) of the Immigration and Nationality Act.  We dismiss the petition for review.

We lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review the BIA's determination that Martinez-Barrientos did not merit relief from removal as a matter of discretion.  *See Mendoza v. Holder*, 623 F.3d 1299, 1302 (9th Cir. 2010) (section 212(h) waiver); *Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (per curiam) (cancellation of removal); *Palma-Rojas v. INS*, 244 F.3d 1191, 1192 (9th Cir. 2001) (per curiam) (former section 212(c) waiver).  Martinez-Barrientos raises no colorable constitutional claim or question of law that would invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D).  *See Bermudez*, 586 F.3d at 1169 ("'[A]ny challenge of [the BIA's] discretionary determination must present a colorable claim' in order for this court to exercise jurisdiction." (citation omitted)); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context, . . . the claim must have some possible validity.").

**PETITION FOR REVIEW DISMISSED.**