FILED

AUG 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ARTURO OROZCO-ALVAREZ, a.k.a. Arturo Luis Orozco, a.k.a. Luis Arturo Orozco, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 11-72748 <br> 12-70706 <br><br> Agency No. A091-459-978 <br><br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

In these consolidated petitions for review, Luis Arturo Orozco-Alvarez, a

native and citizen of Mexico, petitions pro se for review of an order of the Board of

Immigration Appeals ("BIA") dismissing his appeal from a decision of an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge ("IJ") denying his application for cancellation of removal and of the BIA's subsequent order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004), and review for abuse of discretion the denial of a motion to reopen, *Nehad v. Mukasey*, 535 F.3d 962, 966 (9th Cir. 2008). We deny in part and dismiss in part the petitions for review.

The BIA correctly determined that Orozco-Alvarez's conviction under Arizona Revised Statutes § 13-3407 is for a controlled-substance violation that renders him removable under 8 U.S.C. § 1227(a)(2)(B) because a modified-categorical analysis of the criminal complaint, read in conjunction with the plea agreement, establishes that Orozco-Alvarez's offense relates to methamphetamine. *See Mielewczyk v. Holder*, 575 F.3d 992, 998 (9th Cir. 2009) ("Ariz.Rev.Stat. § 13-3407(A)(7) . . . relate[s] to a controlled substance."); 21 C.F.R. § 1308.12(d)(2) (listing methamphetamine as a Schedule II controlled substance). In doing so, the BIA properly relied on the judicially noticeable conviction record evidencing Orozco-Alvarez's plea to the facts alleged in the criminal complaint. *See Retuta v. Holder*, 591 F.3d 1181, 1185 (9th Cir. 2010) (relying on a criminal complaint and a minute order to find a controlled-substance violation for

methamphetamine). Because Orozco-Alvarez is removable for his section 13-3407 conviction, we need not consider his arguments regarding his separate drug-paraphernalia conviction. *See Simeonov*, 371 F.3d at 538.

Orozco-Alvarez has not established that he was deprived of a full and fair hearing, where he waived his right to retain counsel and the opportunity for a longer adjournment to prepare his case, the record does not reveal that the interpreter harbored a deep-seated favoritism or antagonism that made fair judgment by the IJ impossible, any alleged interpretation errors either were irrelevant or became irrelevant through subsequent clarification, and Orozco-Alvarez does not claim or appear to have misunderstood the interpreter's translations. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 925, 926-27 (9th Cir. 2007) ("Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible" (citation omitted); "Where an alien is given a full and fair opportunity to be represented by counsel, prepare an application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process."); *Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994) ("In order to make out a due process

violation . . . , the alien must show that 'a better translation would have made a difference in the outcome of the hearing.'" (citation omitted)).

The BIA did not abuse its discretion by denying Orozco-Alvarez's motion to reopen based on ineffective assistance of counsel on the ground that Orozco-Alvarez failed to demonstrate prejudice from the alleged ineffective assistance, because he did not explain what material evidence he was prevented from introducing at his hearing. *Cf. Nehad*, 535 F.3d at 971 (holding that prejudice may result when "the alien is *prevented* from reasonably presenting [his or] her case'" (citation omitted) (emphasis added)).

Orozco-Alvarez waived his contention that the agency's removal order violates international law. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) ("Issues raised in a brief that are not supported by argument are deemed abandoned." (citation omitted)).

We lack jurisdiction to review the BIA's decision denying Orozco-Alvarez's cancellation application in the exercise of discretion, *see Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (per curiam), and its decision declining to exercise its sua sponte authority to reopen, *see Sharma v. Holder*, 633 F.3d 865, 874 (9th Cir. 2011).

11-72748, 12-70706

We deny Orozco-Alvarez's motion to supplement the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (limiting review to "the administrative record on which the order of removal is based").

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**