**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN ROD TONGCO-ANDRADE, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73704 <br><br> Agency No. A044-716-967 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 6, 2015
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and DEARIE, Senior
District Judge.[**]

Allen Rod Tongco-Andrade (Tongco-Andrade), a native and citizen of the

Philippines, petitions for review of the decision by the Board of Immigration

Appeals (BIA) dismissing his challenge to a decision by the Immigration Judge

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Raymond J. Dearie, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

(IJ) finding him removable, and denying his application for cancellation of removal.

We lack jurisdiction over Tongco-Andrade's challenge to the BIA's discretionary denial of cancellation of removal, and he does not otherwise raise a colorable constitutional claim or question of law regarding this issue. *See Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009). We do, however, have jurisdiction to determine as a matter of law whether Tongco-Andrade's underlying predicate offenses render him removable. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014).

Tongco-Andrade's petition for review is timely because it was filed within thirty days of the BIA's second decision, which constituted a final order of removal. *See* 8 U.S.C. § 1252(b)(1); *see also Abdisalan v. Holder*, 774 F.3d 517, 523 (9th Cir. 2015), *as amended* (en banc). The BIA's first decision was not a final removal order because it remanded to the IJ to re-assess Tongco-Andrade's application for cancellation of removal. *See Abdisalan*, 774 F.3d at 526 ("When the BIA remands to the IJ for any reason, no final order of removal exists until all administrative proceedings have concluded. Thus, when the BIA issues a mixed decision, no aspect of the BIA's decision is 'final' for the purpose of judicial review. . . .").

2

Tongco-Andrade's challenge to his removability was exhausted because the issue was resolved by the BIA. *See Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc). Because the government conceded that the case should be remanded if Tongco-Andrade exhausted his challenge to removability, we grant the petition and remand to the BIA so it can analyze, in the first instance, whether Tongco-Andrade's conviction under California Penal Code § 273a(a) is a "crime of child abuse" that renders him removable under 8 U.S.C. § 1227(a)(2)(E)(i).

**PETITION DISMISSED in part, GRANTED and REMANDED in part. Each party shall bear its costs of appeal.**