FILED

**NOT FOR PUBLICATION**

MAY 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GUADALUPE SALCIDO-RIOS, | No. 13-71265 |
| Petitioner, | Agency No. A036-650-156 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:   LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Jose Guadalupe Salcido-Rios, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for adjustment of

status and a waiver of inadmissibility under former section 212(c) of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Immigration and Nationality Act, and denying his motion to remand.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007).  We deny in part and dismiss in part the petition for review.

This court generally lacks jurisdiction to review the agency's discretionary denial of a waiver under former section 212(c).  *See* 8 U.S.C. § 1252(a)(2)(B)(ii). Although we retain jurisdiction over questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Salcido-Rios' contention that the agency erred as a matter of law by failing to consider all the relevant factors in exercising its discretion is unavailing.  Salcido-Rios' remaining challenges to the agency's discretionary denial of a waiver under section 212(c) are not colorable constitutional or legal challenges that would invoke our jurisdiction.  *Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (" '[A]ny challenge of [the agency's] discretionary determination must present a colorable claim' in order for this court to exercise jurisdiction." (citation omitted)); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context, . . . the claim must have some possible validity.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-71265