**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADAN CATALINO RAMIREZ HERNANDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 18-71116

Agency No. A205-721-951

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Adan Catalino Ramirez Hernandez, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an Immigration Judge's ("IJ") order denying his application for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). This court has jurisdiction under 8 U.S.C. § 1252, and dismisses the petition in part and denies the petition in part.

1. <u>The immigration court had jurisdiction over the removal proceedings against Ramirez Hernandez.</u> Ramirez Hernandez contends that the immigration court did not have jurisdiction over his removal proceedings because the Notice to Appear ("NTA") served on him lacked the necessary "time and place" information, and as a result, the proceedings should be terminated. However, *Bastide-Hernandez* clearly holds that "defects in an NTA . . . have no bearing on an immigration court's adjudicatory authority," and that is true even if it is "unclear" whether the alien ever received a notice of hearing supplying the missing date and time information.[1] 39 F.4th 1187, 1189 (2022). Accordingly, the immigration court had jurisdiction over his proceedings.

2. <u>The denial of Ramirez Hernandez's application for cancellation of removal was based on a discretionary determination; therefore, this court lacks jurisdiction to review his petition as to that claim.</u> *See Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (explaining that this court "lack[s] jurisdiction to review a decision by the BIA denying an alien's application for cancellation of removal in

---

[1] In this case, the Department of Homeland Security ("DHS") served Ramirez Hernandez with an incomplete NTA on December 10, 2013, but DHS later served Ramirez Hernandez on December 11, 2013, with a notice of hearing that stated the date, time, and location of his hearing.

the exercise of discretion").  Here, the IJ explained that even if Ramirez Hernandez were statutorily eligible for cancellation of removal, he would deny his application because the factors supporting an exercise of discretion in Ramirez Hernandez's favor are outweighed by the factors weighing against such an exercise of discretion, including his "tendency to drink and engage in violent behavior toward his domestic partners" and his evasion of the U.S. criminal justice system.

This court does, however, retain "jurisdiction over a constitutional challenge to a BIA decision denying cancellation of removal only if the constitutional claim is colorable, i.e., if it has some possible validity." *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 736 (9th Cir. 2012) (internal quotation marks and citation omitted). Ramirez Hernandez, however, has not raised any colorable constitutional claim and instead simply disagrees with the agency's weighing of the factors supporting and opposing an exercise of discretion in his favor.  Therefore, because the IJ's decision was based on a discretionary determination, this court should dismiss the petition in part for lack of jurisdiction as to the cancellation of removal claim.

3.    <u>Substantial evidence supports the IJ's adverse credibility determination, which is dispositive of Ramirez Hernandez's claims for asylum, withholding of removal, and CAT protection.</u>  This court "review[s] adverse credibility determinations under the substantial evidence standard." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010); *see also Soto–Olarte v. Holder*, 555

3

F.3d 1089, 1091 (9th Cir. 2009). That standard requires "that the IJ state explicitly the factors supporting his or her adverse credibility determination." *Shrestha*, 590 F.3d at 1042. The factors giving rise to the adverse credibility determination do not need to go to the heart of a petitioner's claim. *See Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011).

Here, the BIA affirmed the IJ's adverse credibility determination and agreed that the IJ cited specific cogent reasons in support of his adverse credibility determination. In particular, the IJ explained the specific situations where Ramirez Hernandez's testimony was evasive, and the IJ also identified specific inconsistencies in the record. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (holding that the credibility determination was supported by the BIA's and IJ's reliance on examples of the petitioner's evasiveness and unresponsiveness); *see also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186–88 (9th Cir. 2016) (holding that inconsistencies in the record and in the petitioner's testimony were sufficient to uphold the BIA's adverse credibility determination). Moreover, the inconsistencies identified by the IJ are not trivial and bear on Ramirez Hernandez's veracity. Specifically, they concern his sister's kidnapping, the police response, the amount of ransom paid, and who paid the ransom. *Cf. Shrestha*, 590 F.3d at 1044 ("[T]rivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis of an adverse credibility

4

determination."). The BIA therefore correctly concluded "that the IJ's adverse credibility determination [was] supported by the record and [was] not clearly erroneous." Thus, without credible testimony, the BIA appropriately concluded that Ramirez Hernandez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In addition, substantial evidence supports the denial of CAT protection. Ramirez Hernandez's CAT claim was based on the same testimony found not credible, and Ramirez Hernandez does not point to any other evidence in the record that compels the conclusion that it is more likely than not that he would be tortured in Mexico. *See id.* at 1157.

**DISMISSED IN PART, DENIED IN PART.**