NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ABELINO AMAYA-AREVALO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  14-72839 <br><br> Agency No. A028-761-096 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2018[**]
Pasadena, California

Before:  REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

Jose Abelino Amaya-Arevalo, a citizen of El Salvador, petitions for review

of a Board of Immigration Appeals (BIA) decision affirming the denial of his

applications for asylum, withholding of removal, Convention Against Torture

(CAT) relief, and suspension of deportation under the Nicaraguan Adjustment and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Central American Relief Act (NACARA). We have jurisdiction over part of his petition under 8 U.S.C. § 1252(a)(1), and deny in part and dismiss in part.

1. Substantial evidence supports the agency's denial of Amaya-Arevalo's applications for asylum and withholding of removal. "[A]n asylum applicant's 'fear of persecution must be both subjectively genuine and objectively reasonable.'" *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) (quoting *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004)). Amaya-Arevalo testified that he suffered no past harm in El Salvador, and does not have a fear of returning there in the future. Based on this testimony, the BIA properly concluded that Amaya-Arevalo failed to set out a prima facie case of eligibility for either form of relief. *Cf. Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) ("The petitioner's own testimony, if credible, is sufficient to establish that she has a subjectively genuine fear of future persecution."). Amaya-Arevalo failed to challenge this ground for the BIA's affirmance of the denial of his applications, and therefore has waived any argument to the contrary. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). Alternatively, substantial evidence supports the BIA's conclusion that Amaya-Arevalo did not meet his burden of showing that he is not subject to the persecutor bar. *See* 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i).

2.  Substantial evidence also supports the BIA's affirmance of the denial of CAT relief.  Amaya-Arevalo bears the burden of proving "that it is more likely than not that he . . . would be tortured if removed" to El Salvador.  8 C.F.R. § 1208.16(c)(2).  No record evidence suggests that he met this burden.  Amaya-Arevalo argues that the agency should have looked to statements made in his written asylum application, but these few sentences alone do not create "substantial grounds for believing that he . . . would be in danger of being subjected to torture" in El Salvador, especially in light of his contradictory in-court testimony.  *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (citation omitted).

3.  We lack jurisdiction over the BIA's affirmance of the discretionary denial of Amaya-Arevalo's application for NACARA suspension of removal.  8 U.S.C. § 1252(a)(2)(B)(i); *see also Monroy v. Lynch*, 821 F.3d 1175, 1177 (9th Cir. 2016).

**DENIED IN PART, DISMISSED IN PART.**