**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERMIN LEONARDO MONROY, AKA Fermin Leonardo Monroy-Rodriguez, *Petitioner*, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, *Respondent.* | No. 14-73933 <br><br> Agency No. A070-811-553 <br><br><br> ORDER |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2016[*]

Filed May 11, 2016

Before: William C. Canby, Jr., Edward Leavy,
and Sandra S. Ikuta, Circuit Judges.

---

 [*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel granted the Attorney General's motion to dismiss Fermin Leonardo Monroy's petition for review of the Board of Immigration Appeals' order denying, as a matter of discretion, his application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act.

The panel concluded that this court lacks jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(i) to review the BIA's discretionary denial of NACARA special rule cancellation of removal.

## COUNSEL

Fermin Leonardo Monroy, Los Angeles, California, *pro se* Petitioner.

Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

Fermin Leonardo Monroy, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") that denied, as a matter of discretion, Monroy's application for special rule cancellation of removal under § 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We conclude that we lack jurisdiction over this petition for review, and therefore grant the Attorney General's motion for dismissal.

1.  *Special rule cancellation of removal under NACARA*

NACARA provides various immigration benefits and relief from removal to certain nationals of Central American and former Soviet Bloc countries. *See* NACARA, Pub. L. No. 105-100, 111 Stat. 2160 (Nov. 19, 1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (Dec. 2, 1997). As relevant here, NACARA amended the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), by adding a "special rule for cancellation of removal" for certain classes of aliens. *See* NACARA § 203(b), 111 Stat. 2198. This amendment to IIRIRA allowed qualified individuals to apply for special rule cancellation of removal under the more lenient standards that existed before the passage of IIRIRA. *See Barrios v. Holder*, 581 F.3d 849, 856–57 (9th Cir. 2009).[1]

---

[1] The special rule for cancellation of removal has been implemented by means of two regulations, 8 C.F.R. § 1240.61 (describing which aliens may apply for NACARA special rule cancellation), and 8 C.F.R. § 1240.66 (describing eligibility requirements for special rule cancellation). *See Barrios*, 581 F.3d at 857 & n.7, 858 & n.11.

Under NACARA's special rule cancellation of removal, the Attorney General has discretion under 8 U.S.C. § 1229b to cancel the removal of, and adjust to lawful permanent resident status, certain Salvadoran nationals who establish that (1) they are not inadmissible or deportable for having committed certain offenses; (2) they have been physically and continuously present in the United States for at least seven years before applying for the relief; (3) they have been persons of good moral character during those seven years; and (4) their removal would result in extreme hardship to themselves or to qualifying relatives. *See* NACARA § 203(b), 111 Stat. 2198 (amending IIRIRA § 309(f)(1)); *see also* 8 C.F.R. § 1240.66(b).

2. *Facts and procedural history*

Monroy is a native and citizen of El Salvador. He was admitted to the United States on November 22, 1989, on a nonimmigrant visa with authorization to remain in the country until May 21, 1990. Monroy overstayed his visa and has resided in the United States continuously since his 1989 admission.

In 2006, the government charged Monroy with removability under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled.[2] He applied for NACARA cancellation as an alien who is the unmarried son of a parent who has been granted

---

[2] In 2007, the government withdrew this charge of removability and lodged a new charge, under 8 U.S.C. § 1227(a)(1)(B), that Monroy was present in the United States in violation of the Immigration and Nationality Act or another law of the United States, or that his nonimmigrant visa had been revoked.

NACARA cancellation of removal. *See* 8 C.F.R. § 1240.61(a)(5)(i). Monroy also applied for voluntary departure.[3]

The IJ found Monroy removable as charged and denied his application for NACARA cancellation of removal on two grounds. First, the IJ held that Monroy was not statutorily eligible for this relief because he had not met his burden of establishing that his removal would result in extreme hardship to himself or his qualifying relatives. *See* NACARA § 203(b), 111 Stat. 2198 (amending IIRIRA § 309(f)(1)(A)); *see also* 8 C.F.R. § 1240.66(b)(4). Second, the IJ held that Monroy was not entitled to NACARA special rule cancellation of removal as a matter of discretion because the "unfavorable factors outweigh his equities." In reaching this conclusion, the IJ considered Monroy's positive equities, including his relationships with family members, the immigration status of his family members, his education and employment history, and the testimony of a psychologist who had diagnosed Monroy with a major depressive disorder. The IJ also noted Monroy's negative factors, including his "extensive criminal history" and his "drinking problem." The IJ found that Monroy is "a danger to the community," and denied NACARA cancellation "as a matter of discretion based upon his criminal history."[4]

On appeal, the BIA affirmed the IJ's decision to deny Monroy's application for special rule cancellation of removal as a matter of discretion. After reviewing Monroy's positive

---

[3] In addition, Monroy applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1), but he later withdrew that application.

[4] The IJ granted Monroy's application for voluntary departure.

and negative factors, the BIA concluded that the negative outweighed the favorable equities and that "given [Monroy's] criminal history and insufficient evidence of rehabilitation, [Monroy] has not demonstrated that he warrants special rule cancellation of removal as a matter of discretion." The BIA declined to address whether Monroy was statutorily eligible for NACARA special rule cancellation of removal.[5]

Proceeding *pro se*, Monroy filed this petition for review. He argues that the IJ and BIA "erred and abused their discretion and incorrectly applied the law to the facts" in denying his application for NACARA cancellation. Monroy asserts that, in light of his strong positive equities, "[t]he IJ and the BIA erred in determining that the unfavorable factors outweighed the favorable factors."[6]

### 3. *Jurisdiction*

We lack jurisdiction to review the BIA's discretionary denial of special rule cancellation of removal. Section 203(b) of NACARA provides that "the Attorney General may, under [8 U.S.C. § 1229b] cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States" if the alien meets certain eligibility requirements.

---

[5] The BIA did, however, reinstate the IJ's grant of voluntary departure.

[6] Monroy also argues that he is statutorily eligible for special rule cancellation of removal because he established that his removal would result in extreme hardship to himself and qualifying relatives. Because we dismiss his petition for lack of jurisdiction to review the BIA's discretionary decision, and the BIA did not rely on statutory ineligibility as a ground for its denial of relief, we need not consider this argument here.

NACARA § 203(b), 111 Stat. 2198 (amending IIRIRA § 309(f)(1)). We have long held that 8 U.S.C. § 1252(a)(2)(B)(i) bars us from reviewing "any judgment regarding the granting of relief" under § 1229b. *See Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012); *Bermudez v. Holder*, 586 F.3d 1167, 1169 (9th Cir. 2009) (per curiam). Therefore, as with non-NACARA cancellation of removal, § 1252(a)(2)(B)(i) bars us from reviewing the BIA's discretionary denial of NACARA cancellation of removal. We accordingly lack jurisdiction to address Monroy's challenge to the BIA's exercise of its discretion.

We do retain jurisdiction to review colorable constitutional claims and questions of law raised in a petition for review of a discretionary denial of NACARA cancellation. *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law . . . ."); *cf. Vilchez*, 682 F.3d at 1198 (holding that we lack jurisdiction to review "the merits of a discretionary decision to deny cancellation of removal" but retain jurisdiction to review legal and constitutional questions); *Bermudez*, 586 F.3d at 1169 ("Petitioner has not set forth a colorable constitutional claim over which we otherwise could exercise jurisdiction."). Monroy, however, has not raised any such issues in this petition for review. Instead, he simply disagrees with the agency's weighing of his positive equities and the negative factors, a matter over which we lack jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.

2005).  Therefore, we grant the Attorney General's motion to dismiss this petition for review for lack of jurisdiction.

**DISMISSED.**