**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICANOR SOTO-SOTO,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    16-72636<br><br>Agency No. A201-162-095<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before:      LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Nicanor Soto-Soto, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Contrary to Soto-Soto's contention, the agency applied the correct legal standard and did not fail to sufficiently explain its reasoning. *See* 8 U.S.C. § 1229b(b)(1)(D); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

We reject Soto-Soto's unsupported contention that the IJ was not neutral.

We lack jurisdiction to review the agency's discretionary determination that Soto-Soto failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 980-81 (9th Cir. 2009) (the court lacks jurisdiction to review application of the exceptional and extremely unusual hardship standard to the facts of a case, "be they disputed or otherwise"). Soto-Soto's contentions that the agency failed to consider his contentions and relevant evidence of hardship are not supported by the record, and do not amount to colorable claims that would invoke our jurisdiction. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship); *Martinez-Rosas*, 424 F.3d at 930 ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**