**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN DANIEL CASTILLO, | No. 16-72239 |
| Petitioner, | Agency No. A077-992-454 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018[**]

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Juan Daniel Castillo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order overturning an immigration

judge's ("IJ") decision granting his application for a waiver under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1182(h), and the BIA's order dismissing his appeal from an IJ's decision denying his request for administrative closure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

The record does not support Castillo's contentions that the BIA failed to apply the correct standard of review or failed to consider or properly analyze relevant evidence in denying his request for a waiver of inadmissibility under 8 U.S.C. § 1182(h). *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo."*)*. In the absence of a colorable legal or constitutional claim, we lack jurisdiction to review the agency's discretionary denial of relief under 8 U.S.C. § 1182(h). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)); *Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016) (holding that petitioner did not raise a reviewable issue because "he simply disagrees with the agency's weighing of his positive equities and the negative factors"). Accordingly, Castillo's due process claim also fails. *See Lata v.*

*INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

To the extent Castillo contends that the BIA's limitation on the scope of remand to the IJ was improper, we reject this contention. *See Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010) (recognizing the BIA's authority to qualify or limit remand for a specific purpose).

We do not reach Castillo's contention that the IJ had authority within the scope of remand to grant his request for administrative closure, where that request is now moot, because this court dismissed his earlier petition for review in 2015. *See Castillo v. Lynch*, 618 F.App'x 337 (9th Cir. 2015) (unpublished).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**