**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANY HIGUEROS-SAGASTUME, | No. 17-70238 |
| Petitioner, | |
| v. | Agency No. A077-312-779 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before: FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Dany Higueros-Sagastume, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Higueros-Sagastume has not shown that the BIA's issuance of a summary affirmance without opinion violated due process. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003).

We lack jurisdiction to review the agency's denial of cancellation of removal as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016) (holding that petitioner did not raise a reviewable issue because "he simply disagrees with the agency's weighing of his positive equities and the negative factors"). Although the court would retain jurisdiction over colorable questions of law and constitutional claims, Higueros-Sagastume's contentions that the agency misconstrued or failed to consider evidence, or that it failed to provide sufficient reasoning, are unsupported and therefore not colorable. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**