**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEDRO OXLAJ LORENZO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72053

Agency No. A070-017-152

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

Pedro Oxlaj Lorenzo, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") denial of special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We dismiss the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the agency's denial of NACARA relief as a matter of discretion. *See Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016) (8 U.S.C. § 1252(a)(2)(B)(i) bars review of the agency's discretionary denial of NACARA relief; holding that alien did not raise a reviewable issue because "he simply disagrees with the agency's weighing of his positive equities and the negative factors"). Although the court would retain jurisdiction over colorable questions of law and constitutional claims, Oxlaj Lorenzo raises no such claim. *See id.* at 1177.

Because the agency's discretionary denial is dispositive, we do not address Oxlaj Lorenzo's contentions regarding the proper time period to consider good moral character for NACARA relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

We also lack jurisdiction to consider Oxlaj Lorenzo's unexhausted contention that the IJ violated due process by not allowing him to challenge whether he was convicted of a second crime involving moral turpitude. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DISMISSED.**