**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN VASQUEZ-LEON, | No. 19-70796 |
| Petitioner, | Agency No. A090-975-272 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Martin Vasquez-Leon, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying cancellation of removal, adjustment of

status, and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252.

We review de novo questions of law. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2019).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary denials of cancellation of removal, adjustment of status, and voluntary departure, and Vasquez-Leon does not raise a colorable question of law that would invoke our jurisdiction.  *See* 8 U.S.C. § 1252(a)(2)(B) (barring judicial review of discretionary denials of relief); *Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016) (disagreement with weighing of equities is not colorable question of law).

Vasquez-Leon's assertion that his written pleadings were omitted from the administrative record is not supported, and Vasquez-Leon failed to exhaust his claim that his pleadings were to the original, not amended, notice to appear.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The BIA was not required to remand to correct the IJ's misstatement about the date on the notice to appear.  *See* 8 C.F.R. § 1003.1(d)(3)(iv) (BIA may take notice of content of official documents); *see also Arrey*, 916 F.3d at 1159 (BIA cured IJ error by not relying on it).

Vasquez-Leon's contention that the IJ lacked jurisdiction over his proceedings is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of hearing to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**