**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO BALDEMAR ROJAS-JIMENEZ, | No. 19-73113 |
| Petitioner, | Agency No. A216-383-829 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Hugo Baldemar Rojas-Jimenez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying cancellation of

removal, withholding of removal, and relief under the Convention Against Torture

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law and review for substantial evidence the agency's factual findings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Rojas-Jimenez's contention that the agency should not have considered a probable cause statement in denying cancellation of removal as a matter of discretion is unpersuasive, where the agency properly weighed all evidence in the record. *See Ridore v. Holder*, 696 F.3d 907, 920 (9th Cir. 2012) (IJ must consider "the record as a whole" when analyzing discretion); *see also Matter of Thomas*, 21 I. & N. Dec. 20, 23 (BIA 1995) ("In examining the presence of adverse factors on an application for discretionary relief, this Board has found it appropriate to consider evidence of unfavorable conduct, including criminal conduct which has not culminated in a final conviction for purposes of the Act."). We lack jurisdiction to review Rojas-Jimenez's remaining contentions regarding the agency's discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016) (petitioner did not raise a reviewable issue because "he simply disagrees with the agency's weighing of his positive equities and the negative factors").

Substantial evidence supports the BIA's determination that Rojas-Jimenez did not establish it is more likely than not he would be persecuted in Guatemala. *See Al-Harbi v. INS*, 242 F.3d 882, 888-89 (9th Cir. 2001). As this determination

is dispositive, we do not reach his contention that any harm he would suffer would be on account of a protected ground. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence also supports the agency's denial of CAT relief, where Rojas-Jimenez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent Rojas-Jimenez requests that the court consider extra-record evidence (Docket Entry No. 18), we deny this request. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record).

On February 27, 2020, the court granted a stay of removal. The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**