NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR MARROQUIN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent-Appellee.

No. 18-70063

Agency No. A029-533-748

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020[**]
Pasadena, California

Before: CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Oscar Marroquin, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' denial of his application for special-rule

cancellation of removal under § 203 of the Nicaraguan Adjustment and Central

American Relief Act ("NACARA"). He also seeks review of the denial of his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

application for cancellation of removal under § 240A of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b, and the denial of his request for a continuance of his hearing to allow him to present evidence in support of his application for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition in part, and deny it in part.

1.    "Under NACARA's special rule cancellation of removal, the Attorney General has discretion under 8 U.S.C. § 1229b to cancel the removal of, and adjust to lawful permanent resident status, certain Salvadoran nationals" who meet certain criteria. *Monroy v. Lynch*, 821 F.3d 1175, 1176 (9th Cir. 2016). If the BIA exercises its discretion to deny such an application under NACARA, the court lacks jurisdiction to review that determination unless the petition raises "colorable constitutional claims and questions of law." *Id.* at 1177; 8 U.S.C. § 1252(a)(2)(B)(i), (D). All of Marroquin's arguments regarding the BIA's handling of his NACARA application are based on his contention that his testimony was not intentionally false or misleading, and that the instances of inconsistent testimony did not warrant the BIA's multiple adverse credibility determinations. These are inherently factual questions, and Marroquin does not raise any colorable constitutional or legal claims. Accordingly, the portion of Marroquin's petition challenging the denial of his NACARA application is dismissed for lack of jurisdiction.

2

**2.** Marroquin's application for cancellation of removal under INA § 240A requires that he establish that he "has been a person of good moral character" during the ten-year period preceding his application. 8 U.S.C. § 1229b(b)(1)(A)–(B). A person who gives "false testimony for the purpose of obtaining any benefits under this chapter" cannot "be regarded as . . . a person of good moral character." 8 U.S.C. § 1101(f)(6). The ten-year lookback period for purposes of INA § 240A runs "from the date on which the cancellation of removal application is finally resolved by the IJ or the BIA." *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1162 (9th Cir. 2009). We review the BIA's finding for substantial evidence. *Ledezma-Cosino v. Sessions*, 857 F.3d 1042, 1045 (9th Cir. 2017). Here, the BIA determined that Marroquin gave false testimony at his 2008 hearing, which was less than ten years prior to the BIA's final decision on his application in December 2017. The BIA based that determination on Marroquin's inconsistent statements about his work as a security guard in El Salvador prior to coming to the United States. Marroquin has not met his burden to show that the BIA's determination was not supported by substantial evidence. His petition for review of the BIA's denial of his application for cancellation of removal under INA § 240A is denied.

**3.** Finally, Marroquin contends that the BIA erred in denying his request for a continuance of his hearing to allow him to present evidence in support of his

3

application for adjustment of status. A person seeking to adjust his status must demonstrate that he is "admissible to the United States for permanent residence." 8 U.S.C. §§ 1255(a)(2), 1229a(c)(4)(A). Any individual "who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States . . . is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i). This ground of inadmissibility can be waived at the Attorney General's discretion, but only in certain circumstances and "in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1182(i)(1). A denial of a continuance is reviewed for abuse of discretion. *Owino v. Holder*, 771 F.3d 527, 532 (9th Cir. 2014).

The BIA upheld the IJ's denial of a continuance because Marroquin's false testimony rendered him inadmissible, and he cannot qualify for a waiver because he lacks a qualifying relative. Marroquin has not shown that he is eligible to adjust his status, and thus he has not met his burden to show that the BIA abused its discretion by denying him a continuance to pursue this relief.

The petition for review is **DISMISSED** in part and **DENIED** in part.