NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS GENNIFER SERRANO, | Nos.  18-72089 |
| | 19-71412 |
| Petitioner, | |
| | Agency No. A029-260-263 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

In these consolidated petitions for review, Luis Gennifer Serrano, a native

and citizen of El Salvador, petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ")

decision denying his applications for special rule cancellation of removal under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), adjustment of status, asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT") (petition No. 18-72089), and the BIA's order denying his motion to reconsider, terminate, or reopen (petition No. 19-71412). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We review for substantial evidence the agency's factual findings. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We review for abuse of discretion the denial of a motion to terminate, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020), and the denial of a motion to reopen, *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review in No. 18-72089, and we deny the petition for review in No. 19-71412.

As to petition No. 18-72089, Serrano's contention that the IJ violated his right to due process by applying a heightened discretionary standard to his application for adjustment of status fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [petitioner] must show error and substantial prejudice."). Serrano's contentions that the IJ was biased, the IJ ignored evidence, or the BIA violated his right to due process fail as unsupported by the record. *See id.*

We lack jurisdiction to review the agency's discretionary denials of NACARA cancellation of removal and adjustment of status because Serrano does not raise a colorable constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016) (disagreement with weighing of equities does not raise a colorable question of law).

As to asylum and withholding of deportation, substantial evidence supports the agency's determination that Serrano failed to establish he suffered harm that rose to the level of persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (persecution is "an extreme concept"); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (evidence of threats did not compel the conclusion that petitioner suffered past persecution). Substantial evidence also supports the agency's determination that Serrano failed to establish the harm he fears would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Serrano's asylum and withholding of deportation claims fail.

Substantial evidence supports the agency's denial of CAT relief because Serrano failed to show it is more likely than not he would be tortured by or with

18-72089 & 19-71412

the consent or acquiescence of the government if returned to El Salvador.  *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Serrano's contention that he was not

afforded an opportunity to submit evidence in support of his application for

asylum, withholding of deportation, and relief under the CAT.

As to petition No. 19-71412, Serrano does not challenge, and therefore

waives, the BIA's denial of his motion to reconsider.  *See Lopez-Vasquez v.*

*Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and

argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying Serrano's motion to

terminate proceedings pursuant to *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  *See*

8 U.S.C. § 1252(b) (1989) (deferring to regulations to establish requirements to

provide notice of deportation proceedings); 8 C.F.R. § 242.1(b) (1990) (setting out

requirements for an order to show cause); *see also Aguilar Fermin v. Barr*, 958

F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to

[petitioner] did not deprive the immigration court of jurisdiction over her case").

The BIA also did not abuse its discretion in denying Serrano's motion to

reopen, where he did not establish prima facie eligibility for relief or challenge the

agency's prior denial of asylum as a matter of discretion.  *See Najmabadi v.*

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("The BIA can deny a motion to reopen

on any one of at least three independent grounds—failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**NO. 18-72089: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**NO. 19-71412: PETITION FOR REVIEW DENIED.**