**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCIS GILBERTO OLIVA-ZEPEDA, | No. 19-72564 |
| Petitioner, | Agency No. A094-386-413 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2021**

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges

Francis Gilberto Oliva-Zepeda, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying cancellation of

removal and his application for asylum, withholding of removal, relief under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C.
§ 1252.  We review de novo the legal question of whether a particular social group
is cognizable, except to the extent that deference is owed to the BIA's
interpretation of the governing statutes and regulations.  *Conde Quevedo v. Barr*,
947 F.3d 1238, 1241-42 (9th Cir. 2020).  We review for substantial evidence the
agency's factual findings.  *Id*. at 1241.  We dismiss in part and deny in part the
petition for review.

We lack jurisdiction to consider Oliva-Zepeda's contentions regarding the
agency's discretionary denial of cancellation of removal.  *See* 8 U.S.C.
§ 1252(a)(2)(B)(i); *Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016) (this
court lacks jurisdiction to review the agency's weighing of the equities).

Substantial evidence supports the agency's determinations that Oliva-Zepeda
failed to file his asylum application within the one-year time limit and did not
establish changed circumstances sufficient to excuse the untimely filing.  *See* 8
U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(4).

The agency did not err in concluding that Oliva-Zepeda's proposed social
groups were not cognizable.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir.
2016) (in order to demonstrate membership in a particular group, "[t]he applicant
must 'establish that the group is (1) composed of members who share a common
immutable characteristic, (2) defined with particularity, and (3) socially distinct

within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that Oliva-Zepeda did not otherwise establish that the harm he experienced or fears was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Oliva-Zepeda's withholding of removal claim thus fails.

Substantial evidence supports the agency's denial of CAT relief because Oliva-Zepeda failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.[1]

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[1] We lack jurisdiction to consider Oliva-Zepeda's request for voluntary departure because he failed to exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).