**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALBERTO GARCIA RIVERA, | No.    20-70066 |
| Petitioner, | Agency No. A073-893-962 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Jorge Alberto Garcia Rivera, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

special rule cancellation of removal under § 203 of the Nicaraguan Adjustment and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Central American Relief Act ("NACARA"), asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

We lack jurisdiction to consider Garcia Rivera's contentions that the IJ violated his right to due process by being impartial because he failed to raise them to the BIA. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (due process claims based on correctable procedural errors may not be entertained unless they were raised below).

We also lack jurisdiction to review the denial of NACARA relief as a matter of discretion where Garcia Rivera's challenges to the determination do not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016) (recognizing 8 U.S.C. § 1252(a)(2)(B)(i) bars review of the discretionary denial of NACARA relief and concluding that no reviewable issue was raised where petitioner "simply disagree[d] with the agency's weighing of his positive equities and the negative factors").

We further lack jurisdiction to consider Garcia Rivera's contentions challenging the denial of his asylum, withholding of removal, and CAT claims because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented

20-70066

below). Garcia Rivera's contention that the court otherwise has jurisdiction to consider his asylum, withholding of removal, and CAT claims because it would be a manifest injustice not to do so lacks merit.

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED.**