NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORIO VALENZUELA TORRES,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   21-70094<br><br>Agency No. A072-900-211<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Gregorio Valenzuela Torres, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"), and adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations in immigration proceedings, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

In his opening brief, Valenzuela Torres does not contend that the BIA erred in finding he waived any challenge to the IJ's dispositive determinations that his conviction under California Penal Code § 288(a) was an aggravated felony and a particularly serious crime that renders him ineligible for asylum and withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in his opening brief). Valenzuela Torres's challenges to the validity of his conviction are not properly before this court. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision."). Thus, Valenzuela Torres's asylum and withholding of removal claims fail.

In light of this disposition, we do not reach Valenzuela Torres's contentions as to the merits of his asylum and withholding of removal claims. *See Simeonov*,

371 F.3d at 538 (stating that courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT relief because Valenzuela Torres failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to review the agency's discretionary denial of adjustment of status because Valenzuela Torres does not raise a colorable constitutional claim or question of law.  *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016) (stating that disagreement with the agency's weighing of equities does not raise a colorable question of law).

The BIA did not err in concluding that Valenzuela Torres failed to establish the IJ violated his right to due process by ignoring evidence or exhibiting bias.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED, in part; DISMISSED, in part.**