NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIO CALDERON CRUZ; MAIRA
CONSUELO MORALES,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-497

Agency Nos.  A072-663-902
A073-426-654

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 07, 2023[**]
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and KATZMANN,[***]
Judge.

Petitioners Julio Calderon Cruz and Maira Consuelo Morales, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals

("BIA") decision dismissing their appeal from an immigration judge's ("IJ")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and dismissing Calderon Cruz's appeal from the IJ's decision denying his application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We deny the petition for review.

As to Calderon Cruz, substantial evidence supports the agency's adverse-credibility determination because Calderon Cruz admitted to giving false statements to immigration officials in order to receive immigration benefits. *See Singh v. Holder*, 643 F.3d 1178, 1180–81 (9th Cir. 2011) (explaining that, except in narrow circumstances inapplicable here, a noncitizen's "deliberate deception" to "avoid being denied relief" is substantial evidence supporting an adverse-credibility determination). In addition, Calderon-Cruz's challenge to the agency's NACARA determination fails because the IJ denied NACARA relief as a matter of discretion, which independently foreclosed such relief. *See Monroy v. Lynch*, 821 F.3d 1175, 1176–78 (9th Cir. 2016) (explaining that the IJ "has discretion" to grant NACARA relief to a noncitizen who is statutorily eligible for that relief); 8 C.F.R. § 1240.64(a) (explaining that a noncitizen seeking "special rule cancellation of removal" must establish both that they are eligible "and that discretion should be exercised to grant relief"). Calderon-Cruz presents no argument challenging this exercise of discretion.

As to Consuelo Morales, substantial evidence supports the agency's

2

lack-of-nexus determination for her asylum and withholding claims.

*Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (explaining that "general conditions of violence related to gangs" do not establish the requisite nexus to a protected ground). Substantial evidence—such as country condition reports documenting the Guatemalan government's efforts to combat the kind of gang violence Petitioners fear—also supports the agency's denial of CAT relief on the basis that Petitioners failed to show that they would more likely than not be tortured by the government or through the government's acquiescence if returned to Guatemala. *Id.*; *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to . . . prevent crime will not suffice to show acquiescence.").

**PETITION FOR REVIEW DENIED.**