**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Oscar Leonel Marroquin Blanco, | No. 21-450 |
| Petitioner, | Agency No.    A027-529-909 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 16, 2023
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Petitioner Oscar Leonel Marroquin Blanco, a native and citizen of

Guatemala, seeks review of a 2021 Board of Immigration Appeals (BIA)

decision dismissing his appeal of an Immigration Judge's (IJ's) 2020 order

denying Marroquin Blanco's claims for asylum, withholding of removal, and

relief pursuant to the Convention Against Torture (CAT), as well as special rule

cancellation pursuant to Section 203 of the Nicaraguan Adjustment and Central

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36–3.

American Relief Act (NACARA). Marroquin Blanco seeks review of the NACARA decision only. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant in part and dismiss in part.

We exercise jurisdiction over NACARA claims only to the extent they raise colorable constitutional or legal issues, which we review de novo. *See Roy v. Barr*, 960 F.3d 1175, 1181 (9th Cir. 2020); *Monroy v. Lynch*, 821 F.3d 1175, 1177 (9th Cir. 2016). We lack jurisdiction to review predicate factual findings underlying the agency's determination of eligibility for NACARA relief. *Ixcot v. Holder*, 646 F.3d 1202, 1213–14 (9th Cir. 2011). Even for forms of relief committed to the agency's discretion, the BIA is not free to ignore arguments raised by a petitioner, and "errs if it ignores material issues or arguments raised on appeal." *Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021); *see also Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam). If we conclude that "the Board relied on an incorrect legal premise" in declining to exercise its *sua sponte* authority to reopen proceedings, we "remand to the BIA so it may exercise its authority against the correct legal background." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (internal quotation marks and citation omitted).

On appeal, Marroquin Blanco argues the Board legally erred in denying his request for special cancellation under NACARA. In 2020, an IJ determined that she lacked jurisdiction to hear Marroquin Blanco's NACARA claim on two grounds: (1) his application was not "pending adjudication by the service," and

(2) he had already filed a motion to reopen. Reviewing this decision in 2021, the BIA agreed with the IJ's first conclusion that she lacked jurisdiction because Marroquin Blanco's application was no longer pending. Although the government initially defended this ground, it has subsequently disavowed the argument that a non-citizen's asylum application must be "pending adjudication by the Service" to qualify for NACARA relief. We observe that the BIA appears to have misread 8 C.F.R. § 1240.60's definition of the phrase "asylum application pending adjudication by the Service," as instead defining "asylum application" generally. We agree with Marroquin Blanco that this ground does not support the BIA's decision.

As to the IJ's second ground, the BIA observed that NACARA Section 203(c) allowed Marroquin Blanco "to file one motion to reopen," and that he had "already attempted" to do so in 1998. The BIA also explained that it was "not persuaded by [Marroquin Blanco's] arguments that a motion to reopen filed with the wrong court should not be considered a denial on the merits." Marroquin Blanco argues that this conclusion was legally erroneous because his 1998 motion to reopen was never adjudicated on the merits.

The record shows that Marroquin Blanco first applied for NACARA relief in a 1998 motion to reopen filed in El Paso, which was denied in 1999 based on the IJ's conclusion that the court lacked "jurisdiction and authority" to adjudicate the motion because Marroquin Blanco had left the United States. While his appeal was pending before the BIA, Congress passed the

LIFE Act Amendments, eliminating the grounds upon which the IJ had relied and specifically allowing aliens who had been barred from applying for NACARA special rule cancellation because they had been deported and re-entered the United States to retain their eligibility for that relief. *See* Pub. L. No. 106–554, § 1505(a)(1), 114 Stat. 2763, 2763A-326 (2000) (codified at 8 U.S.C. § 1255 note).

In 2003, the BIA recognized that the LIFE Act Amendments negated the grounds underlying the IJ's 1999 decision, but dismissed Marroquin Blanco's appeal on other grounds: it concluded the immigration court in El Paso lacked jurisdiction "to address the merits of the [NACARA] motion to reopen" because, pursuant to 8 C.F.R. § 1003.43(h)(1), Marroquin Blanco should have filed his application with the immigration court in Phoenix, which had "issued the most recent administrative order" in his case. In reaching this conclusion, the BIA mentioned neither the provisions of its regulations that required the El Paso court transfer the misfiled 1998 application to Phoenix for adjudication, nor 8 C.F.R. § 1003.43(h)(2), which required the BIA to remand to the immigration court "any presently pending appeal in which the alien appears eligible to apply for . . . cancellation of removal under . . . section 203 of NACARA." There is no indication that Marroquin Blanco's application was ever transferred to the immigration court in Phoenix. Though it is unclear why the NACARA motion was never transferred, the government correctly observes that any arguments challenging the 2003 BIA decision are now time-barred.

4

*See Stone v. INS*, 514 U.S. 386, 405 (1995).

This appeal concerns the BIA's 2021 decision affirming the IJ's 2020 dismissal of Marroquin Blanco's NACARA claim for lack of jurisdiction. On appeal to the BIA, Marroquin Blanco argued he was entitled to a ruling on the merits of his application, and he argued the 2003 BIA decision was both wrong as a matter of law and contrary to the BIA regulations noted above. He also requested the BIA "exercise its *sua sponte* authority pursuant to 8 C.F.R. § 1003.2(a) and reopen and remand its . . . 2003 decision and forward the timely [1998] NACARA motion to reopen . . . to the Phoenix immigration court for a proper adjudication in accordance" with the regulations. The BIA dismissed the appeal without addressing the request for *sua sponte* reopening.

Marroquin Blanco contends the agency violated his due process rights by failing to address his request for *sua sponte* reopening. *See Menendez– Gonzalez v. Barr*, 929 F.3d 1113, 1116 (9th Cir. 2019) (describing our standard of review when the BIA denies *sua sponte* reopening). We agree. Having reviewed the complicated procedural history in this case, we conclude that the BIA legally erred by failing to address Marroquin Blanco's request for *sua sponte* reopening in its 2021 decision. The BIA is "not free to ignore arguments raised by a petitioner," *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005), and the government's counsel conceded at oral argument that the Board had the authority to reopen its 2003 proceedings. We therefore grant this petition for review and remand to allow the BIA to consider whether to exercise

its *sua sponte* authority to reopen its 2003 proceedings.

We lack jurisdiction to consider Marroquin Blanco's argument based on congressional intent because he failed to exhaust that argument before the agency. *See Honcharov*, 924 F.3d at 1296 n.2.

**GRANTED IN PART AND DISMISSED IN PART.**[1]

---

[1] Costs are to be taxed against the government.