NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERICK ALONZO ALVARADO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1250

Agency No.
A070-774-200

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2025**
Pasadena, California

Before: WALLACE, GRABER, and BUMATAY, Circuit Judges.

Petitioner Erick Alonzo Alvarado is a native and citizen of Guatemala.

After a hearing, an immigration judge ("IJ") denied Petitioner's application for

nonpermanent resident cancellation of removal, 8 U.S.C. § 1229b(b)(1), and

cancellation of removal under the Nicaraguan Adjustment and Central American

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Relief Act ("NACARA"), Pub. L. No. 105–100, §§ 201–04, 111 Stat. 2160 (Nov. 1997), amended by Pub. L. No. 105-139, 111 Stat. 2644 (Dec. 1997). The IJ made two important factual findings: first, that Petitioner "was not a credible witness" and, second, that Petitioner "gave false testimony and fabricated his claim that he entered the United States in 1990." The Board of Immigration Appeals ("BIA") concluded that those findings were not clearly erroneous and agreed that Petitioner could not establish good moral character. The BIA dismissed Petitioner's appeal. Petitioner timely seeks our review. We dismiss the petition.

1. We lack jurisdiction to review factual findings that underlie denials of discretionary relief. Wilkinson v. Garland, 601 U.S. 209, 220–21, 225 (2024); Patel v. Garland, 596 U.S. 328, 339–40 (2022); see 8 U.S.C. § 1252(a)(2)(B)(i)–(ii) (limiting judicial review of discretionary relief). To be eligible for nonpermanent resident cancellation of removal, Petitioner must show good moral character. 8 U.S.C. § 1229b(b)(1)(B). We cannot review the IJ's finding that Petitioner gave false testimony for an immigration benefit. See 8 U.S.C. § 1101(f)(6) (prohibiting a finding of good moral character for someone who has given false testimony for the purpose of obtaining an immigration benefit).

2. We also cannot review the IJ's findings concerning Petitioner's request for NACARA cancellation of removal. The IJ found that Petitioner fabricated the

dates of his arrival and his application for benefits under the settlement agreement in American Baptist Churches v. Thornburgh ("ABC"), 760 F. Supp. 796 (N.D. Cal. 1991). The IJ also found that Petitioner failed to carry his burden of proving that he registered for ABC benefits in time. Registration for ABC benefits is a requirement under NACARA. Pub. L. No. 105–100, § 203, 111 Stat. 2160 (1997). These findings also are unreviewable because we lack jurisdiction to review factual findings underlying NACARA cancellation of removal. Monroy v. Lynch, 821 F.3d 1175, 1177 (9th Cir. 2016).

**PETITION DISMISSED.**