NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**DEC 23 2025**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORIO LOPEZ-SANTIZO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1847

Agency No.
A098-959-644

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2025**

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

Gregorio Lopez-Santizo, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. Our jurisdiction is governed under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 596 U.S. 328, 338-40 (2022) (when the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings or discretionary decisions). The petition does not raise a colorable legal or constitutional claim the court can review. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016) (petitioner's disagreement with agency's weighing of equities did not present a reviewable legal or constitutional question).

As to asylum and withholding of removal, substantial evidence supports the agency's determination that Lopez-Santizo failed to show he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because petitioner failed to show any nexus to a protected ground, petitioner also failed to satisfy the standard for withholding of removal.

*See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). Thus, Lopez-Santizo's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Lopez-Santizo failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not address Lopez-Santizo's contentions as to the one-year filing deadline for asylum, the cognizability of his proposed particular social group, or internal relocation, because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**