**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO MADRIGAL OJEDA, AKA Antonio Madrigal, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | Nos. 16-70928 <br> 16-73250 <br><br> Agency No. A075-586-643 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2022**
San Francisco, California

Before: WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

Antonio Madrigal Ojeda ("Madrigal"), a Mexican citizen and Lawful

Permanent Resident of the United States, was charged with removability under

§ 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1227(a)(2)(B)(i), after being convicted in state court of transporting methamphetamine in violation of California Health and Safety Code § 11379. He has filed petitions for review, seeking review of Board of Immigration ("BIA") decisions (1) dismissing his appeal from the decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") protection; and (2) denying his motion to reopen. We deny his first petition, and we dismiss his second petition for lack of jurisdiction.[1]

1. We have jurisdiction under 8 U.S.C. § 1252 to review the IJ and BIA's denial of Madrigal's asylum, withholding, and CAT claims, because the agency denied him relief on the merits. *Perez-Palafox v. Holder*, 744 F.3d 1138, 1144 (9th Cir. 2014); *see also Nasrallah v. Barr*, 140 S. Ct. 1683, 1689 (2020) (holding that §§ 1252(a)(2)(C) and (D) do not preclude judicial review of a noncitizen's factual challenges to a CAT order). We hold that substantial evidence supports the IJ and BIA's determination that Madrigal failed to prove he experienced past persecution or a has a well-founded fear of future persecution in Mexico, and that his proposed social group—male Mexican nationals who grew up in the United

---

[1] We also deny Madrigal's motions to remand [Dkt. Entry 23 (No. 16-70928) and Dkt. Entry 25 (No. 16-73250)] because they challenge his removability on a basis not raised in any of his briefs submitted to the BIA or to this Court.

States—is not legally cognizable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016).

Because Madrigal failed to satisfy the lower standard of proof of persecution required to establish eligibility for asylum, he "necessarily fails to satisfy the more stringent standard for withholding of removal." *Ramirez-Munoz*, 816 F.3d at 1230. Likewise, Madrigal failed to carry the burden of proving that it was more likely than not that he would be tortured with the acquiescence of the government if returned to Mexico, given that "torture is more severe than persecution and the standard of proof for the CAT claim is higher than the standard of proof for an asylum claim." *Nuru v. Gonzalez*, 404 F.3d 1207, 1224 (9th Cir. 2005).

2. We lack jurisdiction to review the BIA's denial of Madrigal's motion to reopen his proceedings based on pending, but not yet obtained, post-conviction relief because Madrigal fails to present a colorable legal or constitutional claim. *See Monroy v. Lynch*, 821 F.3d 1175, 1177 (9th Cir. 2016) (explaining that questions of law raised under 8 U.S.C. § 1252(a)(2)(D) must be "colorable"); *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) ("[A] petitioner may not create jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.").

3

**Petition in No. 16-70928 is DENIED and petition in No. 16-73250 is DISMISSED.**