**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS AGUILAR AVILA, | Nos. 17-72071 |
| | 18-70044 |
| Petitioner, | |
| | Agency No. A095-446-796 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2022**
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and SIMON,*** District Judge.

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*      The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Petitioner Juan Carlos Aguilar Avila (Aguilar Avila), a native of Mexico and a citizen of Mexico and El Salvador, petitions for review of a decision from the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Aguilar Avila also challenges the BIA's decision denying his applications for cancellation of removal and special rule cancellation of removal for a battered spouse. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We **DENY** in part and **DISMISS** in part the petition for review.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* (citation omitted). However, in the absence of a colorable legal or constitutional claim, we have no jurisdiction to review the BIA's discretionary determination that a non-citizen failed to establish "exceptional and extremely unusual hardship" to the non-citizen's spouse, parent, or child, who is a citizen of the United States or a non-citizen lawfully admitted for permanent residence, as required for cancellation of removal or special cancellation of removal. *Vilchiz-Soto v. Holder*, 688 F.3d 642,

2

644 (9th Cir. 2012); *see also Monroy v. Lynch*, 821 F.3d 1175, 1177-78 (9th Cir. 2016).  We review denial of a motion to reconsider for abuse of discretion and reverse only if the BIA "acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzalez*, 400 F.3d 785, 791 (9th Cir. 2005).  Because the BIA agreed with the reasoning of the Immigration Judge (IJ) and added its own analysis, we review both decisions.  *See Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014).

**1.** The BIA determined that Aguilar Avila's fear of general gang violence was not sufficient to establish either past persecution or a well-founded fear of future persecution.  Substantial evidence supports the agency's determination that Aguilar Avila lacked an objectively reasonable well-founded fear of future persecution.  *See Gormley v. Ashcroft*, 364 F.3d 1172, 1180 (9th Cir. 2004) (requiring "a showing by credible, direct, and specific evidence in the record, of facts supporting a reasonable fear of persecution on the relevant ground") (citation omitted).  Aguilar Avila's sparse and conclusory statements that he fears dangerous conditions and gang violence in Mexico and El Salvador does not meet the requisite level of specificity to satisfy his burden.  *See id.*; *see also Duran-Rodriguez*, 918 F.3d at 1028 ("Persecution is an extreme concept that does

not include every sort of treatment our society regards as offensive.") (citation and internal quotation marks omitted).

**2.** Because Aguilar Avila failed to meet the lower burden of proof for asylum, he necessarily failed to satisfy the clear probability standard required to establish eligibility for withholding of removal. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).

**3.** Substantial evidence also supports the denial of CAT relief. Aguilar Avila's general assertion that he will be tortured if returned to Mexico or El Salvador is not supported by the record and is not based on a particularized harm to him. *See Eneh v. Holder*, 601 F.3d 943, 948 (9th Cir. 2010) (explaining that "a petitioner must show for purposes of CAT relief that someone—either a government official or private actor—specifically intended to torture him or her") (citation omitted); *see also Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (stating that generalized evidence is "insufficient for protection under CAT") (citation omitted).

**4.** Aguilar Avila's Opening Brief did not address the agency's discussion of his failure to establish the requisite "exceptional and extremely unusual hardship" needed for cancellation of removal or special rule cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D), (b)(2)(A)(v). Aguilar Avila has thus waived any

argument regarding these claims. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). In any event, Aguilar Avila failed to raise a colorable legal or constitutional claim permitting review of this discretionary determination. *See Vilchiz-Soto*, 688 F.3d at 644; *see also Monroy*, 821 F.3d at 1177-78.

**5.** Although Aguilar Avila's Opening Brief challenged the BIA's conclusion that he was ineligible for cancellation on the basis of his prior conviction, his Opening Brief did not address the agency's discussion of his motion for reconsideration. Accordingly, he has waived any argument regarding this claim. *See Martinez-Serrano*, 94 F.3d at 1259-60. In any event, as the government notes, Aguilar Avila failed to identify any error in the agency's decision. *See Membreno v. Gonzales*, 425 F.3d 1227, 1230 n.5 (9th Cir. 2005) (en banc); *see also* 8 C.F.R. § 1003.2(b)(1).

**PETITION DENIED in part and DISMISSED in part.**