**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARVIN ALEXANDER VANEGAS ORTIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    15-73791

Agency No. A094-173-505

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Marvin Vanegas Ortiz seeks review of the Board of Immigration Appeals'
(BIA) decision affirming an Immigration Judge's (IJ) denial of his application for
special rule cancellation of removal under the Nicaraguan Adjustment and Central
American Relief Act ("NACARA"). We have jurisdiction under 8 U.S.C. § 1252,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we deny the petition for review.[1]

We lack jurisdiction to review the agency's discretionary denial of special rule cancellation under NACARA § 203. *Monroy v. Lynch*, 821 F.3d 1175, 1177 (9th Cir. 2016); *Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010) (per curiam); 8 U.S.C. § 1252(a)(2)(B)(i). But under 8 U.S.C. § 1252(a)(2)(D), this court "retain[s] jurisdiction to review colorable constitutional claims and questions of law . . . ." *Monroy*, 821 F.3d at 1177. Moreover, the agency's failure to address a claim "constitutes error and requires remand." *Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015).

1. Vanegas contends that the BIA erred by failing to address his argument that the IJ abandoned its role as an "impartial adjudicator" during his removal proceedings in violation of the Due Process Clause. *See Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001) (noting that "the right to due process

---

[1] This petition seeks review only of the BIA's November 2015 decision. He did not seek review of the BIA's October 2023 decision rejecting his motion to reopen. The government, however, has moved for this court to take judicial notice of that ruling because it bears directly on Vanegas's various challenges to the BIA's earlier denial of reopening. This court may judicially notice the agency's own records, even where they were not part of the administrative record before the BIA in the relevant proceedings. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010). We grant the government's unopposed motion. This court's review is thus confined solely to Vanegas's argument that, in its 2015 decision, the BIA failed to address his contention that the IJ did not act as an impartial adjudicator in his removal proceedings.

encompasses . . . the right to an impartial adjudicator" (citation omitted)). This court has repeatedly held that "the BIA does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft,* 366 F.3d 799, 807 n.6 (9th Cir. 2004)) (alterations adopted).

We reject Vanegas's contention that remand is warranted because the BIA's analysis of his due process challenge was inadequate or incomplete. At the outset of its decision, the BIA first observed that Vanegas "d[id] not appear to challenge the [IJ's] findings regarding the hardship that his removal would cause his daughter or himself." The BIA then synthesized Vanegas's arguments raised on appeal, namely that his counsel improperly apprised the IJ "in an off-the record discussion that the reason [Vanegas's] father did not appear at the November 28, 2011, merits hearing was that they 'had some sort of a falling out over the family business[,]' and that the [IJ] committed reversible error by permitting questions based on facts adduced in that off-the-record discussion and in relying" upon the same in determining that Vanegas's "removal would not cause his father exceptional and extremely unusual hardship." In so doing, the BIA cited the portions of Vanegas's administrative briefing in which he propounded his due process claim that the IJ was

3

a biased arbiter. Moreover, in concluding that it was "not persuaded that the [IJ's] decision should be reversed," the BIA further indicated that it had reviewed Vanegas's arguments on appeal—expressly "[t]urning to the contentions in [Vanegas's] appeal brief"—before ultimately "hold[ing] that the [IJ] did not commit reversible error in considering the testimonial evidence relating to the reasons [Vanegas's] father failed to appear at the November 28, 2011, hearing."

While the "BIA is 'not free to ignore arguments raised by a petitioner,'" *Coronado v. Holder*, 759 F.3d 977, 987 (9th Cir. 2014) (citation omitted), the agency "is not required to 'expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,'" *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011) (citation omitted). On this record, we are not persuaded that the BIA discounted or ignored Vanegas's claim that the IJ abandoned her role as an impartial adjudicator in violation of the Due Process Clause. [2]

2. Vanegas's contention that the IJ violated his due process rights by exhibiting a lack of impartiality also fails on the merits. "A petition for review will

[2] Even if we were to assume, for the sake of argument, that the BIA erred in failing to sufficiently consider Vanegas's due process argument, any remand would be futile. *See Lona v. Barr*, 958 F.3d 1225, 1231 n.7 (9th Cir. 2020). As the government notes, the IJ also denied special rule cancellation as a matter of discretion—owing to Vanegas's pattern of dishonesty, failure to pay child support, and misrepresentations of his income in various tax returns. The BIA affirmed this ruling in its October 2023 ruling on remand, noting that Vanegas "did not meaningfully challenge on appeal, in his motion, or in his brief on remand" the IJ's discretionary denial of relief. *See* No. 20-70707.

only be granted on due process grounds if '(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.'" *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006)).  Under the Immigration and Nationality Act, an IJ is directed to "interrogate, examine, and cross-examine the alien and any witnesses."  8 U.S.C. § 1229a(b)(1).

The IJ's conduct in questioning both Vanegas and his father, and in permitting the government's counsel to do the same, does not evince unconstitutional bias.  *See Vargas-Hernandez v. Gonzales,* 497 F.3d 919, 927 (9th Cir.2007).  The record indicates that Vanegas was afforded "a full and fair opportunity to present his case" and demonstrate his eligibility for relief under NACARA, "and he does not claim there is additional evidence that the IJ refused to consider."  *Id.*

**PETITION DENIED.**